HANISEE, Judge (dissenting). {55} The majority states that “[t]his case presents a unique appellate circumstance where Defendant’s assertion of a constitutional violation ofhisrightto a speedy trial is interrelated and potentially dependent upon his constitutional claim of ineffective assistance of counsel.” Majority Op. ¶ 1. But there are five formal[1] and at least ten unpublished[2] decisions by this Court and our Supreme Court where the defendant raised both a speedy trial claim and an ineffective assistance of counsel claim based on counsel’s alleged negligence in failing to demand a speedy trial. Not one ofthese cases determines a prima facie case of ineffective assistance of counsel to exist based on an attorney’s negligent failure to demand a speedy trial, as the majority does here. Majority Op. ¶ 49. As I explain below, I do not think this is coincidence: allowing a defendant to rebrand a speedy trial claim as a prima facie claim for ineffective assistance of counsel undermines the purpose and doctrinal coherence of our speedy trial caselaw. {56} The majority concludes that Defendant’s attorney’s “failure to assert Defendant’s right to a speedy trial” renders his performance prima facie ineffective in this case, Majority Op. ¶ 49, despite Defendant’s release pending trial and the absence of any evidence in the record that Defendant’s attorney was instructed to timely bring Defendant’s case to trial. By equating the absence of a demand with a failure to make a demand, the majority undermines the purpose behind Barker's third factor: permitting] . . . [the court] to attach a different weight to a situation in which the defendant knowingly fails to object from a situation in which his attorney acquiesces in long delay without adequately informing his client . . . [and] to weigh the frequency and force of the objections as opposed to attaching significant weight to a purely pro forma objection. Barker, 407 U.S. at 529. {57} Stock and Serros evaluate allegations that defense counsel negligently failed to demand a speedy trial under Barker’s third factor. In Stock, we found that the defendant’s lengthy pretrial confinement combined with his intellectual disability justified “giv[ing] less weight to Defendant’s failure to assert his speedy trial rights.” Stock, 2006-NMCA-140, ¶¶ 30-31. In Serros, our Supreme Court upheld the trial court’s decision to weigh the third Barker factor in the defendant’s favor where there was evidence to support a distinction “between [the defendant agreeing to the State’s requests to extend the time for commencing his trial and [the defendant's attorneys agreeing to such requests.” Serros, 2016-NMSC-008, ¶ 79. In other words, our Supreme Court found that the third Barker factor could be weighed in the defendant’s favor where there was evidence the defendant himself did not acquiesce in delays, even if his or her attorneys did. Id. ¶¶ 78-79. Because Defendant was not incarcerated and there is no evidence that he is either mentally incapable of demanding a speedy trial or definitively wished to proceed to trial, this case does not fall within the ambit of cases like Stock and Serros. {58} The majority’s analysis also depends on an assumption of fact that is not supported by the record: that had Defendant’s attorney demanded a trial, a second trial would not have taken place sooner. Or another: that defense strategy did not include a preference for a delayed second trial setting. When the “outcome” of a proceeding is a conviction, a claim of ineffective assistance of counsel can be evaluated from the fixed standpoint of a fait accompli: the jury’s guilty verdict or the defendant’s decision to accept a plea offer. But when the “outcome” is the denial of a motion to dismiss for a speedy trial violation, the result of an appeal can change depending on whether the claim is characterized as involving the defendant’s right to speedy trial or effective assistance of counsel. A speedy trial claim where there is no prejudice and no demand fails under our speedy trial cases and a conviction is affirmed. Garza, 2009-NMSC-038, ¶ 39. But under the majority’s approach, a record with no evidence of a speedy trial demand and no district court finding of actual prejudice, a case may still satisfy the prima facie factors for a viable ineffective assistance of counsel claim based solely on the length of time between arrest and conviction.[3] {59} There are good reasons behind the third Barker factor and our Supreme Coitrt’s preference that ineffective assistance of counsel claims be presented and resolved in collateral proceedings. Bernal, 2006-NMSC-050, ¶ 33. A habeas petitioner then has the benefit of a different attorney who can offer a measured and objective assessment of the petitioner’s previous attorney’s performance. See Rule 5-802(G)(l) NMRA (providing for initial review and appointment of counsel for nonfrivolous habeas corpus petitions). As well, the petitioner’s previous attorney can be called to testify as a witness about whether the defendant sought a speedy trial or willingly acquiesced in delay, without the danger of compromising the attorney-client relationship that may otherwise persist during litigation regarding whether a defendant’s speedy trial right was violated. The majority’s holding clouds our already-complex speedy trial analysis and undermines the preference that ineffective assistance of counsel claims be decided in collateral proceedings. For these reasons, I respectfully dissent. J. MILES HANISEE, Judge See Serros, 2016-NMSC-008, ¶¶ 46-67; State v. Smith, 2016-NMSC-007, ¶¶ 61-64, 367 P.3d 420; State v. Fierro, 2012-NMCA-054, ¶ 65, 278 P.3d 541; State v. Graham, 2003-NMCA-127, ¶¶ 33-34, 134 N.M. 613, 81 P.3d 556, reversed on other grounds, 2005-NMSC-004, 137 N.M. 197, 109 P.3d 285; State v. Cooper, 1998-NMCA-180, ¶ 27, 126 N.M. 500, 972 P.2d 1. See State v. Menchaca, No. 33,290, dec. ¶¶ 28-29 (N.M. Sup. Ct. Nov. 7, 2013) (non-precedential); State v. McDaniel, No. 31,501, mem. op. ¶¶ 72-78 (N.M. Ct. App. Oct. 1, 2015) (non-precedential); State v. Alderete, No. 34,222, mem. op. ¶ 10 (N.M. Ct. App. June 1, 2015) (non-precedential); State v. Chavez, No. 34,155, mem. op. ¶¶ 8-12 (N.M. Ct. App. June 16, 2015) (non-precedential); State v. Zamora, No. 32,935, mem. op. ¶ 2 (N.M. Ct. App. Jan. 6, 2014) (non-precedential); State v. Guerra, No. 29,954, mem. op. at *2-3 (N.M. Ct. App. March 22, 2012) (non-precedential); State v. Jenkins, No. 29,026, mem. op. at *8 (N.M. Ct. App. March 23, 2011) (non-precedential); State v. Huband, No. 28,569, mem. op. at *5-6 (N.M. Ct. App. Feb. 17, 2010) (non-precedential); State v. Riggs, No. 29,520,mem. op. at *2-3 (N.M. Ct. App. Jan. 11, 2010) (non-precedential); State v. Morgan, No. 29,478, mem. op. at *2 (N.M. Ct. App. Oct. 6, 2009) (non-precedential). The majority does not affirm or reverso the district court’s finding that Defendant failed to show particularized prejudice under the fourth Barker factor. Instead, it instructs the district court to consider whether Defendant might have suffered prejudice “from the need to move [his] family to Chaparral in order to keep his existing job and avoid losing this established employment},]” or the “long-term prejudicial effect that generalized anxiety and stress have when it lingers for nearly four years.” Majority Op. ¶ 40. On the first basis, I think Defendant’s affidavit is sufficiently clear to uphold the district court’s finding that he did not suffer prejudice as a result of the delays in this case: he admits that he moved to Chapparal “for work” nearly two years after his arrest. As to the second ground, I can perceive no difference between a finding of prejudice based on “generalized anxiety and stress . . . [that] lingers for nearly four years” and a per-se prejudice rule based solely on the length of the delay. Such a bright-line rule may be sensible as a matter of policy, but it is not an accurate statement of the law we must apply. See Serros, 2016-NMSC-008, ¶ 26 (stating that “no single \Barker\ factor is dispositive of whether a [speedy trial] violation has occurred”).